IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,956-01






EX PARTE PHILLIP L. BURNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8041-A IN THE 27TH JUDICIAL DISTRICT COURT


FROM LAMPASAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted by a jury of
aggravated assault. He thereafter entered into a plea agreement for punishment, and was sentenced
to fifteen years' imprisonment pursuant to that agreement. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal, even though Applicant requested that he do so. The trial court finds
that Applicant waived his right to appeal as part of the plea agreement at punishment. However, the
trial court's certification of Applicant's right to appeal does not indicate that Applicant waived his
right to appeal, but only that this is a plea bargain case, and Applicant has no right of appeal. If
Applicant did not specifically waive his right to appeal, then his plea at punishment would not, by
itself, mean that he had no right to appeal. The habeas record does not contain a written waiver of
appeal, or a written plea agreement.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a transcript of the plea hearing
at punishment. If there is a written waiver of appeal or a written plea agreement for punishment
containing a waiver of appeal, the trial court shall supplement the habeas record with those
documents. The trial court shall then make findings of fact as to whether Applicant was denied his
right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 29, 2011

Do not publish